MANUEL RUBIO MELÉNDEZ, peticionario y apelado, *v.* LA JUNTA EXAMINADORA DE INGENIEROS, ARQUITECTOS Y AGRIMENSORES, requerida y apelante.

No. 6306.—*Sometido:* Noviembre 22, 1934. *Resuelto:* Enero 18, 1935.

*Hon. Procurador General Benjamin J. Horton* y *Tomás Torres Pérez, Subprocurador,* abogados de la apelante; *Armando A. Miranda,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La Junta Examinadora de Ingenieros, Arquitectos y Agrimensores apela de una sentencia de la Corte de Distrito de San Juan en la que se le ordena que deje sin efecto su orden de 12 de noviembre de 1930 por la cual revocó la licencia de arquitecto que había expedido el 11 de abril de 1928 a Manuel Rubio Meléndez.

La Ley No. 31 del año 1927 (pág. 183) que creó esa Junta dispone en su sección novena que tal organismo

expedirá licencias para el ejercicio de la profesión de ingeniero, arquitecto o agrimensor a cualquier persona que la solicite y haya estado en el ejercicio de alguna de esas profesiones por no menos de tres años con anterioridad a la fecha de la aprobación de esa ley; y que, a menos que exista prueba en contrario, la junta aceptará como evidencia satisfactoria la declaración jurada del solicitante de que ha ejercido su profesión por un período de tres años. De acuerdo con ese precepto de la ley, la expresada junta concedió licencia a Manuel Rubio Meléndez para trabajar como arquitecto.

También dispone esa ley en su sección 12 que la junta tendrá el poder de anular cualquiera de las licencias expedidas a cualquier persona probado que fuera que ha empleado fraude para la obtención de dicha licencia.

Dos años después de expedida la licencia al apelado, éste fué citado por la junta para que compareciera ante ella en determinada fecha a mostrar causa por la cual no se le debe cancelar la licencia de arquitecto que le expidió, toda vez que la junta tiene conocimiento de hechos que demuestran que él sorprendió la buena fe de dicho organismo, y que de no comparecer le cancelaría su licencia.

Compareció Manuel Rubio Meléndez ante la junta el día que había sido fijado. No se le hizo saber entonces ni antes los hechos que según la junta demostraban que él había sorprendido la buena fe de dicho organismo al solicitar la licencia que le fué expedida, de los cuales pudiera él defenderse. La investigación que entonces practicó la junta consistió en preguntas que se le hicieron al apelado respecto a si había construído cierta casa que aparecía en un plano, a lo que contestó que sí; y sobre los gruesos que deben tener las paredes de concreto y cuántas varillas deben tener así como en las tortas de concreto. Después de eso la junta dictó resolución cancelando la licencia que había expedido al apelado para trabajar como arquitecto y el perjudicado interpuso recurso de *mandamus* ante la Corte de Distrito de San Juan,

la que después de haber oído a las partes ordenó a la junta que dejara sin efecto su resolución cancelando la licencia.

No sabemos cuáles actos fraudulentos realizó el apelado para conseguir que la junta le expidiera la licencia de arquitecto pues no aparecen ni de la carta citándolo ni de la investigación que ante él practicó la junta, consistente en su declaración. Quizás, no lo afirmamos, sus contestaciones demuestren poco conocimiento de arquitectura, pero eso no es prueba de haber cometido fraude para obtener su licencia. Además el fraude no se presume y quien lo imputa debe probarlo. Por esto, cuando la junta quiere hacer uso del derecho que le concede la ley para cancelar una licencia obtenida por fraude, debe exponer al que tiene la licencia los hechos en que consistió el engaño para que pueda defenderse de tal imputación y debe probarlos. No basta decir en términos generales que la junta tiene conocimiento de que su buena fe fué sorprendida. Debió exponer y probar los hechos constitutivos del fraude y no lo hizo.

*La sentencia apelada debe ser confirmada.*